**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AUDREY CARTER, | : | |
| | : | Civil Action No. 09-3046(FLW) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NEW JERSEY TRANSIT, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES**:

    AUDREY CARTER, Plaintiff pro se
    P.O. BOX 2113
    Trenton, New Jersey 08607

**WOLFSON, District Judge**

    Plaintiff Audrey Carter (hereinafter "Plaintiff"), brings this action in forma pauperis, alleging that the named defendants discriminated against her on the basis of her race.  The Court has considered Plaintiff's application for indigent status in this case and concludes that she is permitted to proceed in forma pauperis without prepayment of fees or security thereof, in accordance with 28 U.S.C. § 1915(a).  However, having reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2), and for the reasons set forth below, this Court finds that this action should be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**BACKGROUND**

Plaintiff brings this action against two defendants, New Jersey Transit ("NJT") and Richard Sarles, a NJT bus driver. Plaintiff filed her Complaint with a brief appended, on or about June 23, 2009, alleging that NJT discriminated against her by not adjusting its bus schedules to accommodate her so that she can go to work as a home health aide and "travel during [her] active daily living."  She also claims that defendants discriminated against her based on her disability as a diabetic.  Specifically, Plaintiff alleges that, on June 20, 2009, defendant Sarles put her off the bus and she had to wait for the next bus, which made her late to get home and take her insulin.

Plaintiff states that NJT did change its bus schedule for a white woman in Yardville, New Jersey, who has disabilities. Plaintiff also states that she takes many different buses, including the "609, 606, 601, 602, 604, 608, 603, 409 and other buses and trains."  She further claims that NJT management had told her they would change the schedules, but then refused to do so by letter mailed to Plaintiff in June 2009.  Plaintiff does not attach that letter to her Complaint.  It is unclear what changes to the bus schedules Plaintiff seeks.

With respect to the incident of June 20, 2009, Plaintiff complains that the defendant Sarles, a "black foreign bus driver" of the "409" bus, forced her off the bus because Plaintiff was

"getting smart."  Plaintiff alleges that she could not hear Sarles because her ears were clogged that day and she shouted "What?" several times to him.  Plaintiff had to wait for the next bus to take her home and she was late taking her insulin.  Plaintiff alleges that she is now afraid to take the "409" bus.

Plaintiff seeks $5 million in damages.

## DISCUSSION

### A. Standard of Review

The Complaint by a litigant proceeding in forma pauperis is subject to sua sponte dismissal by the court if the Complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however,

credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2).

The Supreme Court recently refined the standard for summary dismissal of a Complaint that fails to state a claim.  Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of

4

the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 11949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed.R.Civ.P. 8(d).

5

> conclusions, are not entitled to the assumption of truth.
> While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations.
> When there are well-pleaded factual allegations, a court
> should assume their veracity and then determine whether they
> plausible give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

This Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

**B.  Section 1981 Claim Against NJT**

Plaintiff's allegations appear to suggest that NJT is discriminating against her based on race and disability.  This Court first addresses the claim of race discrimination.

Section 1981 prohibits intentional, purposeful discrimination in the making and enforcing of private contracts. 42 U.S.C. § 1981(a); see also Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982).  The statute states:

> All persons within the jurisdiction of the United States
> shall have the same right in every State and Territory to
> make and enforce contracts....

42 U.S.C.A. § 1981(a)-(b).[2]  The analytical framework for establishing evidence of intentional discrimination in a § 1981 case is the same as that which courts use in Title VII cases. Standard v. A.B.E.L. Svcs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998); see also Brown v. Am. Honda Motor Co., Inc., 939 F.2d 946, 950 (11th Cir. 1991) (discussing McDonnell Douglas framework in § 1981 case), cert. denied, 502 U.S. 1058 (1992).  To support a claim of racial discrimination under § 1981 here, Plaintiff must show: (1) she is a member of a minority group, (2) the discriminatory conduct involved an activity protected under § 1981, and (3) similarly situated individuals who are not African American received more favorable treatment than Plaintiff did.  See Slocum v. Waffle House, Inc., 365 F. Supp.2d 1332, 1338 (N.D.Ga. 2005).

    Here, the Complaint fails, on its face, to allege the facts necessary to support Plaintiff's claim of racial discrimination that would entitle her to any relief under § 1981.  Plaintiff does not specifically allege that NJT discriminated against her based on her race.  She does not allege that NJT or the bus driver (who himself is admittedly black) used racial epithets or made derogatory comments based on Plaintiff's race in refusing to

---

[2]  For the purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

accommodate Plaintiff's request to get her to work on time. Plaintiff also fails to allege that NJT will not allow her to use the many different buses she needs to take to get to work because of her race. She simply states that NJT changed its bus schedule for a "white female" in Yardville, who had disabilities and needed to get to work. This single allegation of racial discrimination by NJT is nothing more than a "threadbare recital" of an element of a cause of action, which is insufficient to state a claim upon which relief may be granted. See Iqbal, 129 S.Ct. at 1949-1950.

Moreover, Plaintiff admits that she has a NJT bus pass, and therefore, is not prohibited from taking any number of NJT buses. She lists at least nine buses that she frequently rides, and does not allege that NJT has barred her from any buses. She alleges only one instance when she was told to get off the bus, and she admits that this was not racially-motivated conduct by the bus driver.

Instead, it would appear that Plaintiff's only complaint is NJT's alleged failure to provide a bus for her own personal use at specific times when she needs to go to work or "travel during [her] active daily living." However, the public bus transportation system does not cater to the personal travel plans of individuals. NJT has many schedules to accommodate the basic transportation needs of the general public. If Plaintiff, or

anyone else for that matter, has to get to a job at a certain time, then Plaintiff need only to check the bus schedules for that route to determine which bus will get her to work in a timely manner.  More importantly, there is no special contractual relationship between NJT and individual passengers to provide personal bus service for an individual's work and travel pleasure, which appears to be Plaintiff's problem.  Consequently, Plaintiff fails to plead facts of racial discrimination and racially discriminatory conduct by NJT with respect to a protected activity under § 1981, sufficient to support her claim.

Finally, Plaintiff's single allegation that NJT has accommodated a white woman with disabilities is nothing more than a conclusory statement that, on its own, does not support the third necessary element of a racial discrimination claim. Plaintiff alleges that she wants to be accommodated, not simply for her work, but for "travel during [her] active daily living." This accommodation goes well beyond Plaintiff's allegation that a white woman with disabilities has been accommodated for her work schedule.  Even so, that still would not impose an obligation on NJT to accommodate every individual making a request for personalized bus service.

Therefore, because Plaintiff has not plead any facts to support her § 1981 racial discrimination claim against NJT, the claim must be dismissed for failure to state a claim.

**C.  Claim Against Bus Driver**

Having determined that Plaintiff fails to state a federal claim for relief under § 1981 as against NJT, this Court now turns to Plaintiff's allegations of wrongdoing by defendant Sarles, the NJT bus driver who ordered Plaintiff off the bus on June 20, 2009.  Plaintiff makes no claim of racial discrimination by the bus driver, who also is black.

However, it does appear that Plaintiff may be alleging that the bus driver forced her to get off the bus and this made Plaintiff late to take her insulin that day.  These allegations do not state a claim for relief.  The facts, as alleged by Plaintiff, show that the bus driver told Plaintiff to get off the bus because she was getting "smart" with him.  There is no allegation that he was aware of her diabetic condition and that he excluded her from riding the bus solely by reason of that disability.  Indeed, Plaintiff admits that she could not hear the bus driver that day because her ears were clogged and she said "What?" several times.  Therefore, this Court will dismiss Plaintiff's claim against defendant Sarles, because she has failed to plead any facts to support a claim of discrimination based on her disability as a diabetic.

CONCLUSION

For the reasons set forth above, this Court will dismiss Plaintiff's Complaint in its entirety as against defendants New Jersey Transit and Richard Sarles, for failure to state a claim upon which relief may be granted.  An appropriate Order accompanies this Opinion.

    S/Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge

Dated: September 1, 2009